Meyer, J.
(concurring). I concur in all of the reasoning of the majority opinion except so much as discusses as an element for consideration the possibility that Guiliana might be deprived by disclosure of the benefits of a paternity adjudication (p 595). Congress has provided that in determining whether there is “good cause” for disclosure “the court shall weigh the public interest and the need for disclosure against the injury to the patient, to the physician-patient relationship, and to the treatment services” (US Code, tit 21, § 1175, subd [b], par [2], cl [C]). As concerns the patient, what it sought to protect was his or her right to privacy and access to treatment (US Code Cong & Admin News, 1972, p 2072), not his or her right to a litigation advantage or a support order. By recognizing as an “injury to the patient” the outcome of the paternity litigation, public interest and the need for treatment are, in effect, accorded double significance, and a phrase intended to protect the personal and privacy interests, rather than the monetary interests, of the patient is given weight not intended for it.
Judges Jasen, Gabrielli, Wachtler and Fuchsberg concur with Judge Jones; Judge Meyer concurs in a separate opinion in which Chief Judge Cooke concurs.
Order reversed, etc.